# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2022

Lyle W. Cayce
Clerk

No. 21-20109

---

Vantrerius McKnight,

*Plaintiff—Appellant*,

*versus*

Helix Energy Solutions Group, Incorporated,

*Defendant—Appellee.*

---

Clayton Fruge, *individually and on behalf of all others similarly situated*; Derek Belhumeur,

*Plaintiff—Appellant*,

*versus*

Helix Energy Solutions Group, Incorporated,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2852
USDC No. 4:19-CV-4705

---

Before Dennis, Elrod, and Duncan, *Circuit Judges*.

No. 21-20109

Per Curiam:*

Plaintiffs challenge the district court's grant of summary judgment to defendant Helix Energy Solutions on the question of whether plaintiffs fall within the "seaman exemption" to the Fair Labor Standard Act's overtime provisions, 29 U.S.C. § 213(b)(6).  We REVERSE and REMAND for further proceedings in light of our decision in *Adams v. All Coast, L.L.C.*, 15 F.4th 365 (5th Cir. 2021).  Additionally, we DIRECT the district court on remand to permit the parties to engage in reasonable discovery.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20109

JENNIFER WALKER ELROD, *Circuit Judge*, specially concurring:

I agree with the panel's decision to remand this case for further consideration in light of our binding precedent, *Adams v. All Coast, L.L.C.*, 15 F.4th 365 (5th Cir. 2021). I write separately because the continued application of *Adams* leads us further adrift.

The FLSA requires employers to pay employees more for working more than forty hours per week. 29 U.S.C. § 207(a)(1). Among other exemptions, the FLSA exempts "any employee employed as a seaman." *Id.* § 213(b)(6). As in *Adams*, this case is about whether certain employees are 'employed as seamen' and therefore not entitled to overtime pay.

The Supreme Court has recently clarified that FLSA exemptions should be read fairly, not narrowly. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). This "rectif[ied] decades of misreading" the FLSA by construing exemptions narrowly to serve "[v]ague notions of the FLSA's remedial purpose." *Adams*, 15 F.4th at 377 (Jones, J., dissenting from denial of rehearing *en banc*) (citing *Encino Motorcars*, 138 S. Ct. at 1142). Post-*Encino Motorcars*, we "have no license to give the exemption[s] anything but a fair reading." 138 S. Ct. at 1142.

Unfortunately, "this court has not figured that out." *Adams*, 15 F.4th at 377 (Jones, J., dissenting from denial of rehearing *en banc*). Rather, *Adams* was "the second time in two months" that this court "flout[ed]" *Encino Motorcars* in FLSA exemption cases. *Id.* (referencing *Adams* and *Hewitt v. Helix Energy Solutions Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021) (*en banc*)). The court's byzantine seaman analysis—undergirded by precedents and regulations from the pre-*Encino Motorcars ancien regime*—effectively "splice[d] and dice[d] the seaman exemption into portions of 'seaman' and 'non-seaman' work within the space of each voyage." *Id.* at 381. This "tendentious and incomplete reading[] of statutory and regulatory text

encourage[s] costly litigation and the threat of large damages the [FLSA] authorizes." *Id.* at 377.

The damage that *Adams* portends may be minimized in this case, however. These plaintiffs are stewards. As Helix* describes them, stewards are responsible for the following tasks: (1) cleaning the deck and other locations; (2) assisting with storing provisions; (3) alerting the Chief Steward to conditions in the accommodations that might affect the standard of service, sanitary standards, or hygiene standards; (4) reporting damage to accommodation facilities and equipment; (5) ensuring the duties of the stewards and others are carried out in a safe and healthy manner; and (6) performing other duties and projects, including food preparation, that may be assigned by the vessel crew management. It remains to be seen whether and how these facts will bear out at the summary judgment stage on remand.

Nonetheless, this case will provide little comfort to "the maritime industry as a whole, [whose] legitimate and longstanding expectations as to the FLSA's seaman exemption have been upended." *Adams*, 15 F.4th at 381 (Jones, J., dissenting from denial of rehearing *en banc*). Having failed to heed *Encino Motorcars* at the panel stage in *Hewitt*, the *en banc* stage in *Hewitt*, the panel stage in *Adams*, and the *en banc* stage in *Adams*, the court fails again— as it is now bound by precedent to do. Fortunately, the Supreme Court has granted *certiorari* in *Hewitt*, 142 S. Ct. 2674 (2022), this court's first occasion to "flout" *Encino Motorcars*. Perhaps the Court will correct our course. Until

---

* According to Helix, it provides "rigless offshore well intervention services using specialized well intervention vessels. [Plaintiffs] worked as . . . Steward[s] on . . . semisubmersible vessels that conduct well intervention in water depths of up to 10,000 feet." Helix "schedules the Stewards to work six 'hitches' per year, which typically consist of 28 days on and then 28 days off," on 12.5-hour rotations. Further, Helix says that stewards "report to the Chief Steward, who, in turn, reports to the Master/Captain of the vessel."

No. 21-20109

then, jumping through hoops to deny FLSA exemptions—exactly what *Encino Motorcars* prohibits—will continue to have its predicted and convoluted effect.